UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARCUS MYERS,

       Plaintiff,

v.                9:05-CV-1448
                   (GTS/GJD)

KAREN JOHNS, Academic Principal,
Great Meadow C.F.; MS. HARDER,
Academic Teacher, Great Meadow C.F.,

       Defendants.
_____

APPEARANCES:             OF COUNSEL:

MARCUS MYERS, 99-A-2068
 Plaintiff, *Pro Se*
Livingston Correctional Facility
P.O. Box 1991
Sonyea, NY 14556

HON. ANDREW M. CUOMO       CHRISTOPHER W. HALL, ESQ.
Attorney General for the State of New York
 Counsel for Defendants
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

    Plaintiff Marcus Myers, a New York State prison inmate, filed this *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, against two educators employed by the New York State Department of Corrections ("DOCS"). Generally, in his Complaint, Plaintiff alleges that between approximately October of 2002 and October of 2003, at Great Meadow Correctional Facility ("Great Meadow C.F."), Defendants intentionally and wrongfully prevented him from taking the General Equivalency Diploma ("GED") examination in such a way as to (1) deprive

him of his right to due process, in violation of the Fourteenth Amendment, (2) discriminate against him on the basis of his race, also in violation of the Fourteenth Amendment, and (3) retaliate against him for having filed grievances against them, in violation of the First Amendment.  (*See generally* Dkt. No. 1, "Facts," ¶¶ 1-15 [Plf.'s Compl.].)  Currently before the Court is Defendants' motion for summary judgment, a Report-Recommendation that the motion be granted, and Plaintiff's Objections to that Report-Recommendation.  (Dkt. Nos. 27, 33, 37.)  For the reasons set forth below, the Report-Recommendation is adopted in its entirety, Defendants' motion for summary judgment is granted, and Plaintiff's Complaint is dismissed.

**I.     BACKGROUND**

On September 14, 2007, Defendants moved for summary judgment, requesting the dismissal of Plaintiff's Complaint.  (Dkt. No. 27.)  The motion was referred to Chief United States Magistrate Judge Gustave J. DiBianco for a Report-Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c).  On November 19, 2007, Plaintiff opposed Defendants' motion.  (Dkt. No. 32.)  On September 18, 2008, Magistrate Judge DiBianco issued a Report-Recommendation that the Court grant Defendants' motion.  (Dkt. No. 33.)

Generally, Magistrate Judge DiBanico's Report-Recommendation was based on the following three grounds: (1) Plaintiff has adduced no record evidence establishing that he enjoyed a protected liberty or property interest in participating in a GED educational program in prison (for purposes of a due process claim); (2) he has adduced no record evidence establishing that he was intentionally treated differently from others similarly situated, or that any such differential treatment would fail to survive the appropriate level of scrutiny; and (3) he has adduced no record evidence establishing that there was any causal connection between any

protected speech in which he was engaged and any adverse action taken against him by Defendants (for purposes of a retaliation claim). (*Id*. at 11-20.)

On November 4, 2008, Plaintiff filed Objections to Magistrate Judge DiBianco's Report-Recommendation. (Dkt. No. 37.) Liberally construed, Plaintiff's Objections contain three arguments. First, Plaintiff argues that it was an abuse of discretion for Magistrate Judge DiBianco to deny his motion for the appointment of counsel. (*Id*. at 1-2.) Second, Plaintiff argues that Magistrate Judge DiBianco based his Report-Recommendation on an erroneous finding that Plaintiff had failed to exhaust his available administrative remedies before filing suit. (*Id*. at 2-3.) Third, Plaintiff argues that Magistrate Judge DiBianco erred by failing to recognize three questions of fact created by various pieces of evidence (or omissions of evidence).

In particular, with regard to his due process claim, Plaintiff argues that Magistrate Judge DiBianco failed to recognize the question of fact created by the following pieces of evidence (or omissions of evidence): (1) Plaintiff's assertion that he was not permitted to withdraw from the prison's GED program; (2) Defendants' failure to advance Plaintiff to the next level of the prison's GED program; (3) Defendant Johns' inappropriate interrogation of him regarding the grievance Plaintiff filed against Defendant Harder; (4) Defendants' inability to identify by name the individual who had informed Defendant Johns that Plaintiff had cheated on the examination, coupled with the delay it took Defendants to inform Plaintiff of the cheating allegation; and (5) Defendants' failure to issue Plaintiff a misbehavior report charging him with cheating, their failure to remove him from the prison's GED program based on the allegation that he had cheated, and their failure to conduct an investigation of the alleged cheating incident. (*Id*. at 4-

12.)

With regard to his equal protection claim, Plaintiff argues that Magistrate Judge DiBianco failed to recognize the question of fact created by the following pieces of evidence (or omissions of evidence): (1) Plaintiff's sworn assertion that Defendant Harder stated to Plaintiff, "[I]t [is] impossible for you people to score so high without cheating," while gesturing directly at Plaintiff (who is an African-American prisoner); (2) Plaintiff's assertion that he was not permitted to withdraw from the prison's GED program; and (3) Defendants' failure to advance Plaintiff to the next level of the prison's GED program.  (*Id.*)

With regard to his retaliation claim, Plaintiff argues that Magistrate Judge DiBianco erred by failing to recognize that (1) Defendants took numerous forms of adverse action against Plaintiff between October of 2002 and October of 2003 at Great Meadow C.F., and (2) the protected activity in which Plaintiff engaged was not limited to his filing grievances on September 30, 2003, and October 16, 2003, but extended to his being African American, as well as his being a prisoner.  (*Id.*)

Finally, it is worth noting that the Court does not liberally construe Plaintiff's Objections as containing any specific objection to Magistrate Judge DiBianco's recommendation regarding Plaintiff's claim under 42 U.S.C. § 1981.  (*Id.*)

**II.   STANDARD OF REVIEW**

When specific objections to a magistrate judge's Report-Recommendation are made, the Court makes a "de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made (or the party merely reiterates his or her original allegations or arguments), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a Report-Recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[1] On *de novo* review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *Alexander v. Evans,* 88-CV-5309, 1993 WL 427409, at *18, n.8 (S.D.N.Y. Sept. 30, 1993) (declining to consider affidavit of expert witness that was not before magistrate) [citation omitted].

[2] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

### III.   ANALYSIS

#### A.   Plaintiff's Argument About Lack of Counsel

The Court rejects Plaintiff's argument that it was an abuse of discretion for Magistrate Judge DiBianco to deny Plaintiff's motion for the appointment of counsel.  As a threshold matter, Plaintiff never raised this argument in his lengthy response to Defendants' motion papers, and he has not presented cause for the Court to consider the argument during his Objections to Magistrate Judge DiBianco's Report-Recommendation regarding Defendants' motion.  (Dkt. Nos. 32, 37.)  Thus, the issue is not properly before the Court at this time.

In any event, even if the Court were inclined to consider this argument, the Court would reject it.  Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party.  *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number of factors should be considered by the court in ruling upon such a motion.  *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (listing factors).  "None of these factors are controlling in any given situation . . . . [Rather,] each case must be decided on its own facts." *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.).  Here, the Court can find no error (clear or otherwise) with Magistrate Judge DiBianco's weighing of these factors and his two decisions denying Plaintiff appointed counsel.  (*See* Dkt. Nos. 23, 31.)

#### B.   Plaintiff's Argument About Exhaustion

The Court also rejects Plaintiff argument that Magistrate Judge DiBianco based his Report-Recommendation on an erroneous finding that Plaintiff had failed to exhaust his available administrative remedies before filing suit.  Magistrate Judge DiBianco clearly did not

make such a finding; to the contrary, he rather clearly found that "plaintiff has exhausted his administrative remedies for the entire complaint." (Dkt. No. 33, at 6.)

### C. Plaintiff's Due Process Claim

As indicated above, Plaintiff has filed a specific Objection to Magistrate Judge DiBianco's Report-Recommendation with regard to his due process claim. As a result, the Court reviews that portion of the Report-Recommendation *de novo*.

After carefully reviewing all of the papers regarding Defendants' motion for summary judgment, including Magistrate Judge DiBianco's Report-Recommendation and Plaintiff's Objections, the Court agrees with Magistrate Judge DiBianco, for the reasons stated in his Report-Recommendation, that Plaintiff has adduced no record evidence establishing that he enjoyed a protected liberty or property interest in participating in a GED educational program in prison.

The Court would add only two points to Magistrate Judge DiBianco's thorough Report-Recommendation. First, Plaintiff's objections, which often focus on violations of DOCS regulations and/or Directives, fail to explain how the impediments he experienced while progressing through the prison's GED program caused him to experience an atypical and significant hardship in relation to the ordinary incidents of prison life. It is the latter, not the former, that gives rise to a right to procedural due process protected by Fourteenth Amendment. *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995).[3]

---

[3] It must be remembered that a violation of a state law or regulation, in and of itself, does not give rise to liability under 42 U.S.C. § 1983. *Doe v. Conn. Dept. of Child & Youth Servs.*, 911 F.2d 868, 869 (2d Cir. 1990); *Patterson v. Coughlin*, 761 F.2d 886, 891 (2d Cir. 1985). Furthermore, the violation of a DOCS Directive, alone, is not even a violation of New York State law or regulation. *Rivera v. Wohlrab*, 232 F. Supp.2d 117, 123 (S.D.N.Y. 2002) [citation omitted]; *Lopez v. Reynolds*, 998 F. Supp. 252, 259 (W.D.N.Y. 1997). This is because a DOCS Directive is "merely a system the [DOCS] Commissioner has established to assist him in

Second, Plaintiff's arguments about Defendants' asserted "failure" to adduce certain record evidence demonstrates a failure to understand the relative burdens on a motion for summary judgment. On a motion for summary judgment, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). This burden has appropriately been characterized as "modest."[4] When the moving party has met this initial burden, the nonmoving party must come forward with "specific facts showing a genuine issue [of material fact] for trial." Fed. R. Civ. P. 56(e)(2). Based on the current record, the Court finds that Defendants' met their initial burden, and that Plaintiff has failed to meet his resulting burden.

As a result, the Court adopts Magistrate Judge DiBianco's Report-Recommendation with regard to Plaintiff's due process claim.

### D.  Plaintiff's Equal Protection Claim

As indicated above, Plaintiff has filed a specific Objection to Magistrate Judge DiBianco's Report-Recommendation with regard to his equal protection claim. As a result, the Court reviews that portion of the Report-Recommendation *de novo*.

After carefully reviewing all of the papers regarding Defendants' motion for summary

---

exercising his discretion," which he retains, despite any violation of that Directive. *Farinaro v. Coughlin*, 642 F. Supp. 276, 280 (S.D.N.Y. 1986).

[4]  *See, e.g., Ciaprazi v. Goord*, 02-CV0915, 2005 WL 3531464, at *8 (N.D.N.Y. Dec. 22, 2005) (Sharpe, J.; Peebles, M.J.) (characterizing defendants' threshold burden on a motion for summary judgment as "modest") [citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986)]; *accord*, *Saunders v. Ricks*, 03-CV-0598, 2006 WL 3051792, at *9 & n.60 (N.D.N.Y. Oct. 18, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.), *Smith v. Woods*, 03-CV-0480, 2006 WL 1133247, at *17 & n.109 (N.D.N.Y. Apr. 24, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.).

judgment, including Magistrate Judge DiBianco's Report-Recommendation and Plaintiff's Objections, the Court agrees with Magistrate Judge DiBianco, for the reasons stated in his Report-Recommendation, that Plaintiff has adduced no record evidence establishing that he was intentionally treated differently from others similarly situated, or that (even assuming he had been intentionally so treated) any such treatment would fail to survive the appropriate level of scrutiny.

Again, the Court would add only two points to Magistrate Judge DiBianco's thorough Report-Recommendation.  First, Plaintiff's argument that Defendant Harder's "you people" remark was racial in nature is speculative and inconsistent with his own sworn assertion (as well as the entirety of the other record evidence) suggesting that Defendant Harder was referring to Plaintiff's status as a prisoner, not as an African American, when she (presumably) made the statement.[5]  (It is worth noting that prisoners do not comprise a suspect or quasi-suspect class for equal protection purposes.)[6]  Second, even if a question of fact existed as to whether or not Defendant Harder's remark was racial in nature, such a question of fact would not be material to any differential treatment that Plaintiff experienced through being accused of cheating, given the uncontroverted record evidence that (1) Defendant Harder did not make the remark in question until September 3, 2003, nearly a year *after* Defendant Johns had received information that

---

[5]  (*See*, *e.g.*, Dkt. No. 37, at 8 [Plf.'s Verified Objections, swearing, "It would seem quite clear that the only reason plaintiff was subjected to the continued Harassment from the defendants was because plaintiff's test scores was [sic] really high and the defendant's [sic] did not want to believe a person in prison could study and score as high on the instant test like a student in society."])

[6]  *Verley v. Goord,* 05-CV-1251, 2008 WL 4279498, at *13, n.32 (N.D.N.Y. Sept. 15, 2008) (Kahn, J., adopting Report-Recommendation by Lowe, M.J.) [citations omitted]; *Davie v. Countryman* , 08-CV-0715, 2008 WL 2725071, at *6, n.10 (N.D.N.Y. July 10, 2008) (Lowe, M.J.), *adopted by* 2008 WL 3286250 (N.D.N.Y. Aug. 7, 2008) (Sharpe, J.) [citations omitted].

Plaintiff had cheated on the October 2002 exam, and (2) Defendant Johns ultimately concluded that Plaintiff had indeed cheated on the October 2002 test not based on his race but on her comparison of his test scores during the 2002 to 2003 school year (and her belief that it was highly unlikely that any individual–regardless of race–could have improved to the degree in question during such a short time period).[7]

As a result, the Court adopts Magistrate Judge DiBianco's Report-Recommendation with regard to Plaintiff's equal protection claim.

    **E.**    **Plaintiff's Retaliation Claim**

As indicated above, Plaintiff has filed a specific Objection to Magistrate Judge DiBianco's Report-Recommendation with regard to his retaliation claim. As a result, the Court reviews that portion of the Report-Recommendation *de novo*.

After carefully reviewing all of the papers regarding Defendants' motion for summary judgment, including Magistrate Judge DiBianco's Report-Recommendation and Plaintiff's Objections, the Court agrees with Magistrate Judge DiBianco, for the reasons stated in his Report-Recommendation, that Plaintiff has adduced no record evidence establishing that there was any causal connection between any protected speech in which he was engaged and any adverse action taken against him by Defendants. The only point the Court would add to Magistrate Judge DiBianco's thorough Report-Recommendation is that, contrary to Plaintiff's apparent belief, having a certain skin color and/or a status as a prisoner is not speech or activity that is protected by the First Amendment (nor is having such an attribute or status even "speech"

---

[7] (*See, e.g.*, Dkt. No. 27, Part 4, ¶¶ 5-9 [Harder Affid.]; Dkt. No. 27, Part 3, ¶¶ 5-19 [Johns Affid. and Ex. H Thereto].)

or "activity" at all, for purposes of the First Amendment).[8]

As a result, the Court adopts Magistrate Judge DiBianco's Report-Recommendation with regard to Plaintiff's retaliation claim.

### F.     Plaintiff's Section 1981 Claim

As indicated above, neither party filed a specific Objection to Magistrate Judge DiBianco's Report-Recommendation with regard to Plaintiff's Section 1981 claim.  As a result, the Court reviews that portion of the Report-Recommendation for clear error or manifest injustice.

After carefully reviewing all of the papers regarding Defendants' motion for summary judgment, including Magistrate Judge DiBianco's Report-Recommendation and Plaintiff's Objections, the Court concludes that Magistrate Judge DiBianco's Report-Recommendation with regard to Plaintiff's Section 1981 claim is well-reasoned and not clearly erroneous.[9]

As a result, the Court adopts Magistrate Judge DiBianco's Report-Recommendation with regard to Plaintiff's Section 1981 claim.

**ACCORDINGLY**, after careful review of all of the papers herein, including Magistrate Judge DiBianco's Report-Recommendation and Plaintiff's Objections thereto, it is

**ORDERED** that Magistrate Judge DiBianco's Report-Recommendation (Dkt. No. 33) is

---

[8] *See, e.g., Jones v. Coughlin*, 45 F.3d 677, 679-80 (2d Cir. 1995) (filing a false misbehavior report against an inmate does not violate the First Amendment unless the report was filed in response to the inmate's engaging in constitutionally protected activity).  Indeed, a person's status as a prisoner actually curtails his or her First Amendment rights. *See Hudson v. Palmer*, 468 U.S. 517, 523 (1984) ("Prisoners . . . retain those First Amendment rights of speech not inconsistent with their status as prisoners . . . .") [internal quotation marks and citation omitted].

[9] The Court notes that this portion of the Report-Recommendation would survive even a *de novo* review.

**ADOPTED** in its **ENTIRETY**; and it is further

      **ORDERED** that Defendants' Motion for Summary Judgment (Dkt. No. 27) is

**GRANTED**; and it is further

      **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

      **ORDERED** that the Clerk of the Court shall serve a copy of this Order upon all parties and Magistrate Judge DiBianco.

Dated: December 4, 2008
       Syracuse, New York

                                                  Hon. Glenn T. Suddaby
                                                  U.S. District Judge